UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 2499

------------------------------------------------------------X

JAMES MABRY,

                                                    Plaintiff,

                          **COMPLAINT**

-against-

THE CITY OF YONKERS and P.O.s JOHN and JANE
DOE #1-10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                         **JURY TRIAL DEMANDED**

                                                  Defendants.

------------------------------------------------------------X

       Plaintiff JAMES MABRY, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims.

**JURISDICTION**

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

       4.     Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JAMES MABRY is an African-American male, a citizen of the United States, and at all relevant times a resident of the City of Yonkers and the State of New York.

7. Defendant THE CITY OF YONKERS was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF YONKERS maintains the Yonkers Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of Yonkers.

9. That at all times hereinafter mentioned, the individually named defendants P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or the City of Yonkers.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF YONKERS.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF YONKERS.

## FACTS

13. On January 20, 2012, at approximately 9:00 p.m., plaintiff JAMES MABRY was lawfully present in a parking lot outside of 193 Ashburton Avenue, in the City of Yonkers, in the County of Westchester, in the State of New York.

14. At aforesaid time and place, plaintiff JAMES MABRY was suddenly accosted by members of the Yonkers Police Department.

15. Defendants tackled plaintiff JAMES MABRY to the ground.

16. Once plaintiff JAMES MABRY was on the ground, defendants kicked him repeatedly and hit him with their flashlights.

17. As a result of this unprovoked assault, plaintiff JAMES MABRY sustained serious physical injuries.

18. Defendants transported plaintiff JAMES MABRY to St. Joseph's Hospital, where he was treated for the injuries that defendants had inflicted on him.

19. As a result of the foregoing, plaintiff JAMES MABRY sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "19" with the same force and effect as if fully set forth herein.

21. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

22. All of the aforementioned acts deprived plaintiff JAMES MABRY of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

24. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of Yonkers and the Yonkers Police Department, all under the supervision of ranking officers of said department.

25. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff JAMES MABRY's constitutional rights.

28. As a result of the aforementioned conduct of defendants, plaintiff JAMES MABRY was subjected to excessive force and sustained physical injuries.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. Each and every individual defendant had an affirmative duty to intervene on plaintiff JAMES MABRY's behalf to prevent the violation of his constitutional rights.

31. The individual defendants failed to intervene on plaintiff JAMES MABRY's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

32. As a result of the aforementioned conduct of the individual defendants, plaintiff JAMES MABRY's constitutional rights were violated and he was subjected to excessive force and sustained physical injuries.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46. The aforementioned customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department included, but were not limited to using excessive force while taking individuals into custody, and failing to discipline police officers for using excessive force.

47. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct including, but not limited to,

brutal attacks by Yonkers Police Department officers upon Rui Florim, Irma Marquez, Ronald Mack, Dedan Wilson, Kenneth Fober, Ger-Shun Neely, Dara Massey, Jorge Munoz, and Eric Brown.

48. The existence of the aforesaid unconstitutional customs and policies may further be inferred from Internal Affairs records showing that no allegation of excessive force has ever been sustained.

49. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the results of the investigation conducted by the United States Department of Justice.

50. The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JAMES MABRY.

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JAMES MABRY as alleged herein.

52. The foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department were the moving force behind the constitutional violations suffered by plaintiff JAMES MABRY as alleged herein.

53. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of Yonkers and the Yonkers Police Department, plaintiff JAMES MABRY was unlawfully subjected to excessive force.

54. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JAMES MABRY's constitutional rights.

55. All of the foregoing acts by defendants deprived plaintiff JAMES MABRY of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. Not to have excessive force imposed upon him;

    C. Not to have cruel and unusual punishment imposed upon him; and

    D. To receive equal protection under the law.

56. As a result of the foregoing, plaintiff JAMES MABRY is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00).

## PENDANT STATE CLAIMS

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. On or about April 19, 2012, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of Yonkers, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

59. The City of Yonkers has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

60. Plaintiff appeared for a hearing pursuant to General Municipal Law § 50-h on November 20, 2012.

61. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

73. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF YONKERS.

74. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF YONKERS.

75. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff JAMES MABRY.

76. As a result of the aforementioned conduct, plaintiff JAMES MABRY suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Upon information and belief, defendant City of Yonkers failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the assault on plaintiff JAMES MABRY.

79. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O.s JOHN and JANE DOE #1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT TRAINING AND SUPERVISION

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Upon information and belief the defendant City of Yonkers failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the assault on plaintiff JAMES MABRY.

82. As a result of the foregoing, plaintiff JAMES MABRY is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00).

**WHEREFORE**, plaintiff JAMES MABRY demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:   New York, New York
         April 15, 2013

_Rose M. Weber_
ROSE M. WEBER (RW 0515)
225 Broadway, Suite 1607
New York, NY 10007
(212) 748-3355